IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


PHILLIP E. BOOSE,

                          Petitioner,

              v.                              CASE NO. 13-3016-RDR

CLAUDE MAYE,

                          Respondent.



O R D E R

    This matter comes before the court on a form petition seeking
a writ of habeas corpus under 28 U.S.C. § 2241, filed pro se by a
prisoner incarcerated in a federal camp facility in Leavenworth,
Kansas.  Petitioner's motion for leave to proceed in forma pauperis
in this habeas action is granted.

    Petitioner was convicted in the United States District Court for
the Western District of Missouri, and sentenced as an armed career
criminal under the Armed Career Criminals Act (ACCA).  He states he
thereafter sought relief without success in a post-conviction motion
under 28 U.S.C. § 2255.

    Petitioner filed the present action to challenge the sentencing
court's designation of petitioner as a career criminal, and
essentially contends a prior conviction should not have been used to
trigger application of the ACCA.  Absent that sentencing enhancement,
petitioner argues he has fully served the underlying ten year sentence
and thus should have been released December 31, 2012.

    Having reviewed the petition, the court finds it is subject to

being summarily dismissed because the remedy available to petitioner
is under § 2255 in the sentencing court, and not under § 2241 in the
District of Kansas.

The remedies available to a federal prisoner under 28 U.S.C. §
2255 and 28 U.S.C. § 22241 are distinct. *See Caravalho v. Pugh*, 177
F.3d 1177, 1178 (10th Cir.1999). Ordinarily, a challenge to the
validity of a prisoner's conviction or sentence must be presented
pursuant to § 2255 and must be filed in the district where the sentence
was imposed. *Bradshaw v. Story*, 86 F.3d 164, 166–67 (10th Cir.1996).
In contrast, a prisoner may challenge the execution of a sentence by
a petition under § 2241 and must file such an action in the district
of confinement. Section 2241 does not provide an alternative or
supplemental remedy to § 2255. *Id*. at 166.

A single exception to this distinction between the remedies is
the "savings clause" of § 2255(e). That provision allows a prisoner
to pursue a collateral challenge where it "appears that the remedy
by motion [§ 2255] is inadequate or ineffective to test the legality
of his detention." This exception is available "only in extremely
limited circumstances." *Caravalho*, 177 F.3d at 1178.

Here, petitioner is challenging the validity of his sentence.
Neither the fact that he was denied relief under § 2255, or that his
filing of another § 2255 motion in the sentencing court is restricted
under the Antiterrorism and Effective Death Penalty Act, *see* 28 U.S.C.
§§ 2244(b)(2)*and* 2255, establish that this statutory remedy in
inadequate or ineffective. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th
Cir.1996); *Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir.1999).
Nor does petitioner make any showing that the remedy available in the
sentencing court pursuant to § 2255 is inadequate or ineffective

because a fundamental miscarriage of justice will occur if his petition is not considered. *See Murray v. Carrier,* 477 U.S. 478, 496 (1986) (a fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent").

Accordingly, the court directs petitioner to show cause why the petition should not be dismissed because there is no showing to establish this court's jurisdiction under § 2241 to review petitioner's claim of sentencing error.  The failure to file a timely response may result in the petition being dismissed without prejudice for lack of jurisdiction, and without further prior notice.

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days to show cause why the petition seeking relief under 28 U.S.C. § 2241 should not be dismissed without prejudice for lack of jurisdiction.

DATED:  This 15th day of March 2013, at Topeka, Kansas.


s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge