# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

PHILLIP E. BOOSE,

        Petitioner,

      v.                      CASE NO.  13-3016-RDR

CLAUDE MAYS, Warden,

        Respondent.

## MEMORANDUM AND ORDER

The court previously screened this pro se habeas corpus petition, which was filed by a federal inmate pursuant to 28 U.S.C. § 2241 seeking to challenge his sentence.  An Order was entered requiring Mr. Boose to show cause why this matter should not be dismissed for lack of jurisdiction.  Having considered petitioner's response (Doc. 6), the court dismisses this action for the reasons stated in its prior Order and herein.

## BACKGROUND

In 2000, when Mr. Boose was 18 years old, he pled guilty to three Missouri state charges of selling a controlled substance (crack cocaine) to the same undercover officer on June 10, 19, and 23, 1999. *See U.S. Boose*, 92 Fed.Appx. 377, 378 (8th Cir. 2004).  "The state court handled all three counts under one case number and consolidated the proceedings."  *Id.*  Petitioner alleges that each offense was a class B felony with a maximum sentence of 15 years under Missouri

law.  Memorandum (Doc. 4) at 9.  He was not sentenced to the maximum on any count, but to concurrent terms of five years imprisonment on each count, his sentences were suspended, and he was granted a three-year term of probation.

In 2003, Mr. Boose was convicted upon trial by jury in the United States District Court for the Western District of Missouri "on charges of being a convicted felon in possession of ammunition that had been transported in interstate commerce in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)."  *See Boose v. O'Brien*, 2010 WL 2640333 (W.D.Va. 2010).  According to petitioner, this offense had a maximum penalty, without enhancement, of ten years.  However, Mr. Boose was sentenced to 240 months in prison because he was found to qualify for an enhanced sentence under the Armed Career Criminal Act (ACCA) based on his three prior state drug convictions.[1]  He appealed to the Eighth Circuit Court of Appeals raising issues that included "challenges to the District Court's determination that he is an armed career criminal under § 924(e)."  His argument that the three state convictions should have been treated by the federal sentencing court as a single "criminal episode" rather than separate convictions was

---

1       "The Armed Career Criminal Act (ACCA) imposes a 15-year mandatory prison term on an individual convicted of being a felon in possession of a firearm *if* that individual has 'three previous convictions . . . for . . . a serious drug offense . . . committed on occasions different from one another.'  § 924(e)(1)." *Chambers v. U.S.*, 555 U.S. 122, 124 (2009); *U.S. v. Rodriguez*, 553 U.S. 377, 393 (2008)(dissenting opinion)("The ACCA mandates a 15-year minimum sentence for anyone convicted of violating § 922(g) . . . who 'has three previous convictions [for] a serious drug offense' among his prior crimes.    § 924(e)(1)(2000 ed., Supp. V).   Section 924(e)(2)(A) . . . defines 'serious drug offense' as an offense under state or federal drug laws, 'for which a maximum term of imprisonment of ten years or more is prescribed by law.'").

rejected. *Id.* In 2004, the Eighth Circuit affirmed Boose's conviction and sentence, and the United States Supreme Court denied his petition for a writ of certiorari. *See id.*, *cert. denied*, 543 U.S. 884 (Jan. 10, 2005).

Petitioner filed an initial motion in the sentencing court pursuant to 28 U.S.C. § 2255, which was denied in 2005. He does not specify the issues raised in that motion or whether it was appealed. Mr. Boose has petitioned the Eighth Circuit for authorization to file a second or successive § 2255 motion, but his applications have been denied. *See Boose v. O'Brien*, 2010 WL 2640333, at *1.

## CLAIMS AND ARGUMENTS

Mr. Boose makes numerous claims and arguments in his two Memoranda of Law (Docs. 3 & 4) and his response (Doc. 6). His main claims may be summarized as (1) he was denied due process in that the ACCA is vague and failed, prior to his commission of a federal offense, to provide adequate notice that he could receive such an enhanced sentence; (2) neither his prior state drug offenses nor his federal offense behavior warranted his enhanced federal sentence, which violates the Eighth Amendment, and (3) changes in the law since he filed his initial § 2255 motion, entitle him to relief under § 2241 because they are not new constitutional rules applied retroactively by the Supreme Court.

In support of these claims, Mr. Boose alleges that he was 21 years old when arrested and thus too young to be a career criminal; he was convicted of "simple possession of ammunition alone" with no firearm and no violence; and his Missouri state convictions were all "relatively minor" and nonviolent and do not qualify as predicate "serious drug offenses" under the ACCA. Petitioner argues that he is factually "innocent of violating 18 U.S.C. § 924(e)." He also argues that he has served the unenhanced ten-year statutory maximum for his offense under 18 U.S.C. § 922(g)(1), his confinement beyond that maximum is unconstitutional, and he is thus entitled to immediate release from custody.

With respect to his § 2255 remedy, petitioner alleges that he "used the only statutory vehicle available to attack his sentence nearly eight years ago before it was determined that his prior drug offense was not in fact serious enough to require an extended prison term under federal law." He also contends that the remedy was ineffective because he was not in custody illegally until he had served the ten-year statutory maximum. This court is asked to "apply the savings clause of section 2255."

## DISCUSSION

This court remains convinced that it lacks jurisdiction to consider petitioner's challenges to his federal sentence for several reasons. In his response, petitioner mainly continues to attack the

4

legality of his sentence, rather than its execution, by arguing

violations of due process, changes in the law, and cruel and unusual

punishment.  His claims are direct attacks upon his conviction and

sentence, and as such are cognizable only under § 2255.  *Haynes v.*

*Maye*, 529 Fed.Appx. 907, 909 (10th Cir. 2013).  Section 2241 is simply

not the appropriate remedy. *Id.*[2]

Moreover, petitioner's attempt to raise a savings-clause

argument fails.  He has not demonstrated that all the arguments he

raises in this petition could not have been tested in his initial

§ 2255 motion.  *Id.*  He did in fact challenge his ACCA classification

in his initial § 2255 motion, even if not on all grounds presented

in this petition.  Because petitioner has failed to make this

showing, this court has no difficulty determining that he has not

met the Tenth Circuit's savings-clause test set forth in *Prost v.*

*Anderson*, 636 F.3d 578, 584, 592 (10th Cir. 2011).  *See Abernathy v.*

*Wandes*, 713 F.3d 538, 547 (10th Cir. 2013)("In *Prost*, we set forth

our test [to determine if a petitioner could properly invoke §

2255(e)'s savings clause]: we ask 'whether a petitioner's argument

challenging the legality of his detention could have been tested in

an initial § 2255 motion.  If the answer is yes, then the petitioner

---

2    Mr. Boose has previously been informed by this and other courts that a
petition under § 2241 attacks the execution of a sentence rather than its validity,
while a § 2255 motion "attacks the legality of detention . . . and must be filed
in the district that imposed the sentence."  *Bradshaw v. Story*, 86 F.3d 164, 166
(10th Cir. 1996); *Stanko v. Davis*, 617 F.3d 1262, 1267 (10th Cir. 2010).  He is
also well aware that unless a § 2255 remedy is inadequate or ineffective, it is
the exclusive remedy for testing the validity of a sentence.  *Purvis v. Wiley*,
214 Fed.Appx. 774, 776 (10th Cir. 2007)(citing *Caravalho v. Pugh*, 177 F.3d 1177,
1178 (10th Cir. 1999).

may not resort to the savings clause and § 2241.'")(quoting Prost, 636 F.3d at 584).

The court specifically rejects any suggestion that petitioner's remedy under § 2255 is inadequate or ineffective merely because his most recent claims are not ones that would allow him to bring a second or successive § 2255 motion. If this were a valid argument, the limitations on challenges to federal sentences and convictions set forth in § 2255 would be eviscerated. *See Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010)("In Caravalho *. .*, we held that the remedy under § 2255 is not inadequate or ineffective merely because the statute greatly restricts second or successive motions.).

Under the savings clause, habeas corpus review is available under § 2241 only if the petitioner can show that the remedy by § 2255 motion is inadequate or ineffective. The circumstances under which the § 2255 remedy may be declared inadequate or ineffective have been repeatedly described as "rare or extremely limited," and actual examples of such circumstances are nearly non-existent. *See e.g., Sines*, 609 F.3d at 1073 ("In *Caravalho* . . . [w]e noted only a few circumstances suggested by courts of appeal as rendering § 2255 inadequate or ineffective: abolition of the original sentencing court; the sentencing court's refusal to consider, or inordinate delay in considering, the § 2255 motion; and the inability of a single sentencing court to grant complete relief when sentences have been imposed by multiple courts." (citations omitted)). A bar pursuant

to the gatekeeping provisions in § 2255 as "second and successive" or outside the one-year statute of limitations, has plainly and repeatedly been held not to be among those circumstances. *See e.g., Glover v. Fox*, ___ Fed.Appx. ___, 2013 WL 6645425 (10th Cir. 2013)("The fact that § 2255 bars [Mr. Glover] from bringing his statutory interpretation *now*, in a second § 2255 motion . . . , doesn't mean the § 2255 remedial process was ineffective or inadequate to test his argument.")(quoting *Prost*, 636 F.3d at 580).

Petitioner has failed to describe any rare or extremely limited circumstances which demonstrate that his § 2255 remedy was or is inadequate or ineffective. The court rejects petitioner's argument that he is entitled to this court's review because the law changed in his favor too late for his claims to have been presented in his initial § 2255 motion. The cases he refers to do not contain new relevant rules that clearly establish his entitlement to relief from his federal sentence. Moreover, even if they did, changes in relevant law were anticipated by Congress and are grounds for successive collateral review only under carefully-circumscribed conditions. Those conditions are set forth in § 2255(h)(2) and require that a second or successive collateral attack on a federal sentence that is based upon a new rule of law must contain a "previously unavailable" and "new rule of constitutional law" that has been "made retroactive to cases on collateral review by the Supreme Court." Congress did not provide for successive review

7

based on either a new rule that is non-constitutional or a new

constitutional rule that is non-retroactive.[3]  Mr. Boose failed,

more than once, to convince either the sentencing court or the Eighth

Circuit that these conditions existed in his case.  In sum, when a

federal inmate has already been denied successive habeas review

because his claim of a recent change in the law does not satisfy the

conditions for such claims in § 2255(h)(2), collateral review of the

same claim is not available under § 2241 in the district of

incarceration by virtue of the savings clause in § 2255(e).

Furthermore, it has generally been held that § 2255's savings

clause cannot be invoked to challenge a sentence enhancement rather

than the underlying conviction.  *See Collins v. Ledezma*, 724

F.Supp.2d 1173, 1179-80 (W.D. Okla.)(and cases cited therein), *aff'd*

400 Fed.Appx. 375 (10th Cir. 2010)(Defendant's "claim of actual

innocence with respect to a noncapital sentence enhancement, rather

than an underlying crime, does not come within scope of § 2255's

"savings clause."), *cert. denied*, 132 S.Ct. 1142 (2012).

Petitioner's argument that he could not have litigated his

challenges sooner because he was not illegally confined until he had

served the ten-year portion of his sentence that he admits is valid,

---

3    Mr. Boose admits in this action that he cannot meet the 2255(h)(2) standards
because the law he relies upon does not amount to a new constitutional rule.  Given
these clear statutory limits, it would make no sense for this court to hold, in
essence, that a federal inmate is entitled to successive review not only under
different and less onerous standards but by a court other than the sentencing court
and the appropriate appellate courts, which already determined that successive
review is unavailable.

while novel, is not supported by any convincing reasoning or legal authority. A federal prisoner's presentation of constitutional challenges to his sentence either on direct appeal or in his initial § 2255 motion is not conditioned upon his having served any portion of his sentence that he may agree is legal.

Finally, the court finds that this motion is abusive. Mr. Boose has been a repetitive filer of post-conviction motions seeking to continue to challenge his federal conviction after all his direct appeals and initial § 2255 remedy were exhausted. *See Stanko*, 617 F.3d at 1269-70. His repetitive filings are precisely what the limitations on successive 2255 motions were intended to prevent. Here, as in his prior § 2241 petition filed in South Carolina, petitioner "is improperly attempting to bypass statutory gatekeeping mechanisms specifically designed to restrict prisoners from abusing the judicial system by continuing to file multiple habeas corpus actions in federal court." *Boose v. Drew*, 2008 WL 2557438 (D.S.C. June 20, 2008).

For all the foregoing reasons and those stated in its prior screening order, the court finds that it lacks jurisdiction to hear petitioner's habeas claims and dismisses this action without prejudice.

**IT IS THEREFORE ORDERED** that this action is dismissed and all relief is denied, without prejudice.

**IT IS SO ORDERED.**

DATED:  This 28th day of January, 2014, at Topeka, Kansas.




                            s/RICHARD D. ROGERS
                            United States District Judge